USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
       :
ELIPIDIO AGUILAR FLORES,   :
       :
       Petitioner,   :
       :   20-cv-2422 (LJL)
  -v-   :
       :   <u>ORDER</u>
DIRECTOR THOMAS DECKER,   :
*Director of the New York Field Office of U.S.*   :
*Immigration & Customs Enforcement*,   :
       :
ACTING SECRETARY CHAD WOLF,   :
*in his official capacity as Acting Secretary, U.S.*   :
*Department of Homeland Security*,   :
       :
SHERIFF CARL E. DUBOIS,   :
*in his official capacity as Sheriff of Orange County, New York*,   :
       Respondents.   :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     IT IS HEREBY ORDERED that Respondents' briefing and presentation at the hearing on March 27, 2020 should address the following topics (in a form cognizable on the motion for a temporary restraining order and preliminary injunction):

1. Whether ICE intends to continue detaining Mr. Aguilar pending his bond hearing, in light of the health risks he experiences personally and poses to others.

2. Whether Respondents dispute that:
    a. Mr. Aguilar is HIV-positive and has related cognitive impairments (including Unspecified Neurocognitive Disorder Likely Caused by Chronic HIV Disease);
    b. A cognitive functioning evaluation found that he had an IQ of 67;
    c. Those conditions subject him to greater risk of contracting COVID-19 and a heightened risk of harm from COVID-19 if he contracts it.

3. The ICE procedures or protocols that have been developed in response, specifically, to the risk posed by COVID-19, as well as those particularly designed for persons in high-risk categories.

4. The procedures and protocols that have already been implemented with respect to immigration and other detainees at the Orange County Correctional Facility to protect persons in high-risk categories from the risk of COVID-19.
    a. When these procedures and protocols were first implemented;
    b. How long they will remain in place.

5. What procedures have been put in place at the Orange County Correctional Facility to identify persons who have contracted COVID-19 (including persons who work at, are employed by, have visited, or are detained at the Orange County Correctional Facility).
    a. When those procedures were put in place;
    b. How long they will remain in place.

6. What access to medical care and medical equipment (including respirators) Respondents have made available for persons at risk of being infected with COVID-19, including those in high-risk categories who contract COVID-19.
    a. The number of doctors or medical professionals available to treat detainees.

7. Whether any persons who are employed at the Orange County Correctional Facility, have visited that facility since March 11, 2020, or have been detained at that facility since March 11, 2020 have been tested for COVID-19, and whether any such persons have tested positive for COVID-19.
    a. How many persons have been tested for COVID-19 since March 11, 2020;
    b. How many persons have tested positive for COVID-19 since March 11, 2020.

8. Whether it is correct, and applicable to Petitioner, that detainees at the Orange County Correctional Facility "live, sleep, and use the bathroom in close proximity with others" (Dkt. No. 1 at ¶ 37) and that the Orange County Correctional Facility "do[es] not have space to isolate infected individuals in individual cells" (*id.* at ¶ 39).
    a. If Respondents claim that those assertions are not accurate, Respondents should explain, in detail, the capacity of the Orange County Correctional Facility to separate individuals and the plans for such separation.

9. Whether the following protective measures are in place at the Orange County Correctional Facility including for detainees, persons who visit the facility, and persons who work at or are employed by the facility:
    a. Social distancing;
    b. Unrestricted access to soap and water;
    c. Access to hand sanitizer;
    d. Access to masks;
    e. Communication with detainees about best practices to prevent the spread of infection.

10. If any of the measures listed under (9) are not in place, the justification for their absence.

11. The ability of persons detained at the Orange County Correctional Facility to communicate with the outside world.

12. The most recent count for the number of people in Orange County, New York who have tested positive for COVID-19.

SO ORDERED.

Dated: March 23, 2020
      New York, New York

                                      LEWIS J. LIMAN
                               United States District Judge